FILED
United States Court of Appeals
Tenth Circuit

February 10, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAGDELINE B. BERUMEN,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 15-1150
(D.C. No. 1:13-CV-02722-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Magdeline B. Berumen appeals the district court's judgment affirming the

Commissioner's decision denying her application for disability benefits. Exercising

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

I. Background

Berumen applied for disability insurance benefits and supplemental security

income benefits, alleging her disability commenced April 4, 2007, when she was

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive value consistent with Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

38-years-old. The agency denied her application and following a hearing, an Administrative Law Judge found Berumen not disabled. The Appeals Council denied Berumen's review request.

After Berumen sought review of the ALJ's decision in district court, the Commissioner filed an unopposed motion to remand the case to the agency for rehearing. On remand, the same ALJ conducted a second hearing and again denied her claim, applying the five-step sequential evaluation process. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). At step one, the ALJ noted Berumen had not engaged in substantial gainful activity since the onset date of her alleged disability. At step two, the ALJ found Berumen had the following severe impairments: fibromyalgia, asthma, migraine headaches, and anxiety. At step three, the ALJ found Berumen did not have an impairment or combination of impairments that met or equaled a listed impairment.

The ALJ then assessed Berumen's residual functional capacity (RFC), concluding she could perform sedentary work with some additional restrictions. At step four, the ALJ determined Berumen couldn't perform her past relevant work as a telephone solicitor and customer service representative but at step five, she could perform other jobs existing in significant numbers in the national economy.

The Appeals Council concluded that the ALJ's decision complied with the remand order and denied further review. Berumen then filed this action in district court and the parties consented to proceed before a magistrate judge. The magistrate judge affirmed the ALJ's decision and Berumen appeals.

II.  Discussion

When the Appeals Council denies review, the ALJ's decision is the Commissioner's final decision.  *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).  "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Id*. at 760.  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (citation and internal quotation marks omitted).  "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

On appeal, Berumen argues the ALJ:  (1) "improperly rejected the uncontroverted opinions of physical restrictions from two treating physicians," Aplt. Br. at 12; and (2) "did not properly account for the moderate deficits in concentration, persistence, and pace that she found Ms. Berumen to have," *id*. at 28.

The magistrate judge's decision affirming the ALJ's denial of Berumen's disability claim thoroughly analyzed and rejected these arguments. We agree with the magistrate judge's assessment of Berumen's claims and rather than repeat that analysis here, we offer a few clarifying comments.

Berumen argues that the ALJ improperly evaluated her treating physician opinions.  Although Berumen does not challenge the ALJ's determination that the

3

opinions were not entitled to controlling weight, she asserts that the ALJ did not provide adequate reasons for "rejecting"[1] those opinions. Aplt. Br. at 17. As the magistrate judge explained, the ALJ gave reasons for assigning little weight to the opinions and those reasons were supported by the record evidence. An ALJ is not required to discuss all of the factors for weighing a medical source opinion in 20 C.F.R. § 404.1527. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). The ALJ's analysis of the treating-physician opinions here is "sufficiently specific to make clear to any subsequent reviewers the weight [she] gave to the treating source's medical opinion and the reasons for that weight." *Id*. (internal quotation marks omitted).

Berumen also complains that the ALJ improperly substituted her own opinion for that of the two treating physicians when making the RFC determination because the ALJ included a ten-pound lifting restriction in the RFC when her physicians had restricted her to lifting five pounds. She appears to argue that an ALJ may not make an RFC finding that differs from a physician's opinion unless the ALJ relies on a conflicting medical opinion. *See* Aplt. Br. at 24-26. We disagree.

In *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012), we rejected the argument "that the components of an RFC assessment lack substantial evidentiary

---

[1] We disagree with this characterization as the ALJ did not reject the opinions, but instead stated that she was assigning them "little weight," Admin. R., Vol. III at 441. Moreover, although Berumen claims that the ALJ "obviously" rejected the opinions because she "did not follow the restrictions," Aplt. Br. at 14, that statement is not accurate. Both the ALJ's RFC and the treating-physician report conclude that Berumen should be limited to standing/walking for a total of two hours in an eight hour day. *See* Admin. R., Vol. III at 437; *id*., Vol. II at 378.

support unless they line up with an expert medical opinion." As we noted in *Chapo*, "[t]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Id*. Moreover, as the magistrate judge explained in rejecting Berumen's argument below, it is ultimately the ALJ's responsibility, not a physician's, to assess a claimant's RFC from the medical record. *See* Aplt. App. at 138 (citing *Chapo*, 682 F.3d at 1288).

Berumen also argues the ALJ failed to properly account for her moderate limitations in concentration, persistence, and pace in assessing her RFC. As the magistrate judge explained, an ALJ is not obligated to specifically include these types of limitations in a claimant's RFC based solely on a finding at the distinct step-three analysis that a claimant has moderate difficulties in these areas. Further, the magistrate judge agreed with the Commissioner that an RFC for unskilled work addresses more than just skill transfer, noting the Commissioner's policy describing the mental activities generally required for such work. The magistrate judge determined that the ALJ's RFC for unskilled work adequately accounted for Berumen's credible limitations and was supported by substantial evidence.

Our recent decision in *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015), lends further support to the magistrate judge's analysis. In *Vigil*, as here, the ALJ found at step three that the claimant experienced moderate difficulties in concentration, persistence, and pace. And the ALJ in *Vigil*, like the ALJ here, took those difficulties into account in formulating the RFC by limiting the skill level of the claimant's work

5

to an SVP[2] of one or two.  The claimant argued, as Berumen does here, that "the ALJ should have included in his RFC his specific concentration, persistence[,] and pace limitations, rather than account for those limitations by restricting his RFC to unskilled (SVP one or two) work."  *Vigil*, 805 F.3d at 1203.  But we found no error by the ALJ, noting "that limiting the plaintiff to an SVP of only one or two[] adequately took into account his moderate limitations in concentration, persistence, and pace."  *Id.* at 1204.  The same reasoning holds true here.

The judgment of the district court is affirmed for substantially the same reasons stated in the magistrate judge's order of March 11, 2015.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] "SVP" is short for "specific vocational preparation."  *Vigil*, 805 F.3d at 1201.  "SVP refers to the time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  *Id.* at 1201 n.2 (internal quotation marks omitted).