FILED

United States Court of Appeals
Tenth Circuit

April 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES E. ADKINS,

  Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

  Defendant - Appellee.

No. 15-1330
(D.C. No. 1:14-CV-01043-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Charles E. Adkins appeals the district court's judgment affirming the

Commissioner's decision denying his application for disability benefits. Exercising

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

I. Background

Mr. Adkins applied for disability insurance benefits and supplemental security

income benefits, alleging his disability commenced February 1, 2010, when he was

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

46 years old.  The agency denied his application initially.  Following a de novo hearing, an administrative law judge (ALJ) conducted the required five-step sequential evaluation process, *see Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007), and concluded that Mr. Adkins was not disabled.

At step one, the ALJ noted Mr. Adkins had not engaged in substantial gainful activity since the alleged onset date of his disability.  At step two, the ALJ found Mr. Adkins had the following severe impairments:  "chronic obstructive pulmonary disease, asthma, degenerative disc disease, epilepsy, [and] affective disorder[.]" Aplt. App., Vol. I Admin. R. at 14.  At step three, the ALJ found Mr. Adkins did not have an impairment or combination of impairments that met or equaled a listed impairment.

The ALJ then assessed Mr. Adkins's residual functional capacity (RFC), concluding that he could perform light work, with some additional limitations, including that the work should be unskilled.  At step four, the ALJ determined Mr. Adkins could not perform his past relevant work, but the ALJ found at step five that Mr. Adkins was capable of performing other available work.

The Appeals Council denied review of the ALJ's decision.  Mr. Adkins sought review in the district court.  That court affirmed the ALJ's decision and dismissed the case with prejudice.  This appeal followed.

2

II. Discussion

When the Appeals Council denies review, the ALJ's decision is the Commissioner's final decision. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Id*. at 760. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (citation and internal quotation marks omitted). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

Although Mr. Adkins claimed disability based on both physical and mental impairments, he appeals only the ALJ's decision related to his mental impairment. In his opening brief, he initially raised two issues. First, he argued that the ALJ improperly accounted for his moderate limitations in concentration, persistence and pace by limiting him to unskilled work. But he subsequently conceded that issue in his reply brief based on our recent decisions in *Vigil* and *Berumen v. Colvin*, No. 15-1150, 2016 WL 519381, *3 (10th Cir. Feb. 10, 2016) (unpublished). Aplt. Reply Br. at 1.

3

Second, he argued that "[t]he ALJ did not state any reason for assigning partial weight . . . to the opinion of the State agency physician." Aplt. Br. at 2. He further asserted that "[t]he ALJ's failure to assess the credibility of the agency psychologist's opinion prevents that opinion from constituting substantial evidence to support the ALJ's decision." Aplt. Br. at 26-27. He therefore requested that the agency's decision be reversed. This is the only issue now before us on appeal. For the following reasons, we see no basis to reverse the ALJ's decision.

The first problem with Mr. Adkins's argument is that it depends on the faulty premise that the ALJ relied solely on the opinion of the state agency psychologist, Dr. MaryAnn Wharry, in concluding that Mr. Adkins should be limited to unskilled work. *See* Aplt. Br. at 27 ("[I]t is clear that the ALJ believed his finding of ability to perform unskilled work . . . was based on Dr. Wharry's opinion."). But Mr. Adkins does not provide any citation to the record to support his position and, in fact, the record directly contradicts his position. The ALJ expressly explained why he included the restriction to unskilled work in Mr. Adkins's RFC, stating: "Due to the claimant's moderate limitations in concentration, persistence and pace *as observed by several providers and testified to by the claimant*, he could perform work at the unskilled level."[1] Aplt. App., Vol. I Admin. R. at 21 (emphasis added).

---

[1] Dr. Richard B. Madsen was one of the other providers. He performed a psychological consultative examination of Mr. Adkins. The ALJ explained that "based on [Dr. Madsen's] findings that [Mr. Adkins's] short-term memory and

(continued)

Mr. Adkins does not offer any other basis to challenge the ALJ's RFC limiting him to unskilled work. Nicholas Rodriguez, a licensed clinical social worker, was the only provider who found that Mr. Adkins had marked to extreme limitations in functional areas that would have precluded him from unskilled work. But the ALJ noted that he gave very little weight to Mr. Rodriguez's opinion because "his opinion grossly exaggerated the claimant's functioning." *Id.* at 20. Mr. Adkins does not challenge the ALJ's evaluation of Mr. Rodriguez's opinion. Under these circumstances, Mr. Adkins has failed to show how the ALJ's alleged error in evaluating Dr. Wharry's opinion prejudiced him. *See St. Anthony Hosp. v. U.S. Dep't of Health and Human Services*, 309 F.3d 680, 691 (10th Cir. 2002) (explaining that a party challenging agency action "bears the burden of establishing that the error prejudiced that party"). Even if Dr. Wharry's opinion could not be considered in support of the ALJ's decision, as Mr. Adkins contends, there is substantial evidence in the record to support the ALJ's decision that Mr. Adkins could perform unskilled work (i.e., the observations of the other providers and Mr. Adkins's own testimony).

Moreover, we conclude that the ALJ did not err in evaluating Dr. Wharry's opinion. An ALJ must explain the weight he gives to the opinion of a non-treating physician, *see Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), and the

---

abilities to do arithmetic functions in his head were impaired," Mr. Adkins would be limited to unskilled work. Aplt. App., Vol. I Admin. R at 20.

ALJ did so here. The ALJ stated that he gave Dr. Wharry's opinion "partial weight." Aplt. App., Vol. I Admin. R. at 21. He agreed with Dr. Wharry that Mr. Adkins could perform unskilled work and further explained that he did not accept Dr. Wharry's conclusion that Mr. Adkins should have limited public contact, because "[t]he claimant's reports of his social activities with family and friends and socializing in general as well as his reports that he gets along well with others does not support a limitation on his ability to work with the general public." *Id.*

Mr. Adkins complains that the ALJ did not explicitly state why he agreed with Dr. Wharry that Mr. Adkins could perform unskilled work. But we conclude that the ALJ's discussion of Dr. Wharry's opinion is sufficient for our review. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (explaining that we must "exercise common sense" and if "we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal"). From the ALJ's rejection of Dr. Wharry's opinion that Mr. Adkins should have only limited contact with the public because that limitation was inconsistent with Mr. Adkins's statements, we can reasonably discern that the ALJ agreed that Mr. Adkins could perform unskilled work because Mr. Adkins's statements were consistent with such a finding. *See Davis v. Erdmann, 607 F.2d 917, 918 n.1 (10th Cir. 1979)* ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . , we will uphold a decision of less than ideal

6

clarity if the agency's path may reasonably be discerned." (internal quotation marks omitted)).

Mr. Adkins further contends that the ALJ needed to explain why he gave more weight to Dr. Wharry's opinion than to the opinion of Mr. Rodriguez. We disagree. There is nothing that Mr. Adkins has cited to in cases or the regulations that required the ALJ to weigh these two opinions relative to each other. The ALJ weighed Mr. Rodriguez's decision, explained that he was giving it little weight, and gave reasons for the weight he assigned. As noted above, Mr. Adkins has not challenged the ALJ's evaluation of Mr. Rodriguez's opinion. The ALJ then weighed Dr. Wharry's opinion, explained he was giving it partial weight, and gave his reasons for doing so.

III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court affirming the ALJ's decision.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

7